ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2010 FEB 10   AM 8: 54

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-048 |
| | ) | |
| YKK AP AMERICA INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned matter is now before the Court Defendant's "Motion for Sanctions" based on *pro se* Plaintiff's failure to appear for his deposition. (Doc. no. 135). Plaintiff filed a response in opposition to the motion. (Doc. no. 143). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion for sanctions be **GRANTED**. Plaintiff should pay Defendant's attorneys' fees and expenses generated by Defendant's attempts to depose Plaintiff and the preparation of the resultant motion for sanctions.

## I.    BACKGROUND

As the parties are familiar with this case's tortured procedural history (see, e.g., doc. no. 109), the Court will not revisit that history in detail herein. Suffice it to say, Plaintiff filed his original complaint against several Defendants on July 30, 2007, and since that time, his complaint has been winnowed down to one claim against one Defendant. Plaintiff continuously objects to the fact that certain claims have been dismissed and accuses the District

Court, Clerk of Court, and Defendant of, among other things, misconduct. Notably, Plaintiff has been previously cautioned by the Honorable Dudley H. Bowen, Jr., United States District Judge, that he "would be well advised to get on with the prosecution of the case as it now stands." (Doc. no. 119, p. 2).

## II.    DISCUSSION

As stated above, the matter is before the Court on Defendant's motion for sanctions due to Plaintiff's failure to appear for his deposition. Defendant maintains that it noticed Plaintiff for his deposition, but that two days before the deposition was to be held, Plaintiff filed an "objection" to his deposition. Notably, Plaintiff's objection did not articulate any reason why his deposition should not go forward. (Doc. no. 133). Rather, Plaintiff complained that a document that he submitted for filing was not filed by the Clerk of Court. As such, Plaintiff claimed that he was "under no obligation to patronize [Defendant's] erroneous discovery pursuits at this time." (Id. at 4). Plaintiff did not appear for his deposition.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); see also Hyler v. Reynolds Metal

Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Defendant relies on Fed. R. Civ. P. 37 to support its request for sanctions. (Doc. no. 135). Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party. Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Dismissal is often appropriate when a party's recalcitrance is due to "'willful bad faith and callous disregard' of court directives." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).

The Court is aware of Plaintiff's argument that he is not under an obligation to "patronize" Defendant's discovery pursuits because he believes he has been wronged by,

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

among others, the Clerk of Court.[2]  Nevertheless, Plaintiff may not use his dissatisfaction with the Clerk of Court as an excuse not to comply with his discovery responsibilities.

Despite Plaintiff's recalcitrance,[3] the Court finds that a lesser sanction of paying Defendant's attorney's fees and expenses generated by its attempt to depose Plaintiff and preparation of the resultant motion for sanctions would be an appropriate sanction to deter Plaintiff from further misconduct in this case but yet allow the case to proceed to an investigation of the merits of Plaintiff's claim.  Should the District Court adopt this Court's recommendation for monetary sanctions, Defendant shall submit a request for expenses incurred in the attempt to depose Plaintiff and preparation of the resultant motion for sanctions within fifteen (15) days of the date of the District Court's final action on this recommendation; Plaintiff should then have fifteen (15) days to respond to that filing.  Upon review of those submissions, the Court will then decide what award of reasonable expenses may be appropriate.

---

[2]The Court notes that the majority of Plaintiff's response to Defendant's motion for sanctions consists of a reiteration of previously made arguments concerning the dismissal of claims and the general progression of his case.  This Court will not entertain any of Plaintiff's arguments that have been repeatedly and clearly addressed by Judge Bowen. (See, e.g., doc. no. 145).

[3]Plaintiff's dilatory tactics have not gone unnoticed by the Court.  Despite being given repeated opportunities to amend his complaint (see doc. nos. 40, 88), once Plaintiff's Americans with Disabilities Act ("ADA") claim was allowed to proceed, he attempted to stay the case because he was dissatisfied that some of his other claims had been dismissed. (Doc. no. 110).  When the motion to stay was denied (doc. no. 111), Plaintiff attempted to appeal the order dismissing some of his claims (doc. no. 115), and Plaintiff filed another motion to stay the case (doc. no. 117).  In the Order denying Plaintiff's second motion to stay, Judge Bowen stated, "I find Plaintiff's latest attempt to delay the prosecution of the remaining ADA claim to be nothing more than a flout of this Court's authority." (Doc. no. 119, p. 2). Additionally, as previously noted, Judge Bowen also informed Plaintiff that he would be well advised to get on with the prosecution of the case. (Id.).

Additionally, the Court recognizes the need for Defendant to depose Plaintiff in this action, and the Federal Rules of Civil Procedure allow depositions by oral examination to be taken by either party as a matter of right. See Fed. R. Civ. P. 30. Therefore, should the District Court adopt this Court's recommendation for monetary sanctions, Plaintiff **SHALL** make himself available for his deposition in compliance with the Federal Rules of Civil Procedure within seven days of the date of the Order adopting the Report and Recommendation. That being said, the Court recognizes that if its recommendation is adopted as the opinion of the District Court, discovery will need to be reopened for the limited purpose of deposing Plaintiff. Additionally, the deadline for filing any appropriate motions thereafter will also have to be reset. However, until the District Court takes its final action on this Court's recommendation, any resetting of the deadlines would be premature.

Finally, the Court cautions Plaintiff that he has a duty to cooperate fully in any discovery initiated by Defendant. Failing to attend his deposition and/or any Court Order will not be tolerated and will undoubtably subject Plaintiff to severe sanctions, including dismissal of this case. Fed. R. Civ. P. 37(b)(2), 37(d).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion for sanctions be **GRANTED** as discussed herein.

SO REPORTED and RECOMMENDED this 12th day of February, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE